UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAISHAWN STEPHENS,<br>Plaintiff,<br>-against-<br>NYPD 34TH PRECINCT; OFFICER GONZALEZ, MELVIN; JOHN DOES 2-5; ROJAS #22607; RODRIGUEZ RIVAS; JOHN DOES 8-11; JANE DOES 6-7,<br>Defendants. | 26-CV-5489 (JAV)<br>ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated August 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A. Claims against NYPD 34th Precinct

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."). Under the New York City Charter, agencies of the City of New York cannot be sued in the name of the agency, unless specifically authorized. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

The New York City Charter does not authorize the New York City Police Department to sue and be sued in the name of the agency. *See* N.Y. City Charter ch. 17, §§ 431-438 (establishing powers of the NYPD); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued."). Plaintiff's claims against the NYPD 34th Precinct must therefore be dismissed because it lacks the capacity to be sued.[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Identification of Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit the NYPD to identify Does 2-11 from the NYPD's 34th Precinct. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each Doe defendant whom Plaintiff seeks to sue here and the address where the Doe defendant may be served.[3] The

---

[2] For Plaintiff's benefit, the Court notes that when suing a municipality such as the City of New York under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

[3] If a Doe defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service. If the Doe defendant is not a current NYPD employee or official, the New York City Law Department must provide a residential address where the individual may be served.

New York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

### C. E-service for NYPD

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that Defendants Officer Melvin Gonzales, Officer Rodriguez Rivas, and Detective Rojas #22607, all from the NYPD's 34th Precinct, waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the NYPD's 34th Precinct because it lacks the capacity to be sued. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that Defendants Officer Melvin Gonzales, Officer Rodriguez Rivas, and Detective Rojas #22607, all from the NYPD's 34th Precinct, waive service of summons and that the New York City Law Department respond as directed in the *Valentin* order.

The Clerk of Court is directed to mail to Plaintiff an information package and an amended complaint form.

SO ORDERED.

Dated: October 13, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge